

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,658-01

### EX PARTE DAHN SEARCY CLARY, JR. , Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 97F0133-005-A IN THE 5TH DISTRICT COURT
### FROM BOWIE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child and sentenced to ten years' imprisonment.

Applicant contends that the complainant's recantation proves that he is actually innocent. After a live hearing, the trial court determined that Applicant has proven by clear and convincing evidence that no rational juror would have convicted him in light of the new evidence.

We believe that in recantation cases such as this one, before we make the important decision of whether Applicant is entitled to relief, the record should be more fully developed. The trial court

shall therefore conduct another live evidentiary hearing on the matter at which, at a minimum, Applicant's revocation counsel and the trial prosecutor shall be called to testify. The trial court shall also invite Applicant's counsel from the original plea to provide relevant testimony.

It appears that Applicant is represented by counsel. If the trial court determines he is not represented by counsel and elects to hold a hearing, it shall then determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law as to why Applicant's revocation counsel chose not to get involved when the complainant told him he was recanting and again when Applicant's mother tried to hire him for post-conviction litigation. The trial court shall make specific findings addressing why the charges, which initially alleged Applicant caused the sexual organ of a child younger than 14 years of age to contact Applicant's mouth, were reduced to allege sexual contact with a child. The trial court shall make findings explaining Applicant's statement to the police that he had not been around the complainant's father's boys since he was arrested in October 1996. The trial court shall make findings listing Applicant's prior arrests and convictions, if any. The trial court shall also make any other findings of fact and conclusions of law based on evidence about the initial prosecution that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.

Filed: September 23, 2015
Do not publish